**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-CV-24576-ELFENBEIN

**MARIA FERNANDA AYALA**,

      Plaintiff,

v.

**SANTA FE NEWS AND ESPRESSO**
**DESIGN DISTRICT CORP**, *et al.*,

      Defendant.

_____/

## ORDER ON PLAINTIFF'S ORAL MOTIONS TO COMPEL

**THIS CAUSE** is before the Court on Plaintiff Maria Fernanda Ayala's ("Plaintiff") Notice of Hearing, ECF Nos. [74] and [75], in which Plaintiff alerted the Court to the following issues to be discussed at the March 12, 2026 Discovery Hearing (the "Hearing"): The "totality of the discovery, including the responses provided to Plaintiff's Request for Production, Interrogatories, and Requests for Admissions" by both the individual and corporate defendant. *See* ECF No. [75] at 1. During the Hearing, Plaintiff made an Oral Motion to Compel Better Responses to Plaintiff's Request for Production, ECF No. [79], an Oral Motion to Compel Better Answers to Interrogatories, ECF No. [80], an Oral Motion to Compel Better Responses to Request for Admissions, ECF No. [81], and an Oral Motion for Attorney's Fees as Sanctions under Federal Rule of Civil Procedure 37(a)(5), ECF No. [82]. The Court ruled on all four issues at the Hearing. To memorialize the Court's rulings during the Hearing, the Court writes the instant Order.

1. **Plaintiff's Oral Motion to Compel Better Responses to Request for Production, ECF No. [79]**

Plaintiff's Oral Motion to Compel Better Responses to Request for Production, **ECF No. [79]**, is **GRANTED**. Both Defendants **SHALL** provide better responses to Request for Production Numbers 13 through 41 as none were previously provided. Any objections to these requests are deemed waived because the deadline to object has long passed. Defendants **SHALL** also provide a better response to Request for Production Number 8, which requires them to search for and produce any communications between Defendant and Plaintiff regarding Plaintiff's wages or tips.

2. **Plaintiff's Oral Motion to Compel Better Answers to Interrogatories, ECF No. [80]**:

Plaintiff's Oral Motion to Compel Better Answers to Interrogatories, **ECF No. [80]**, is **GRANTED**. Defendants **SHALL** supplement their Answers to each of Plaintiff's Interrogatories, respond to each component of each interrogatory, and comply with Local Rule 26.1.(e)(1) requiring "[e]ach interrogatory objection and/or response [to] immediately follow the quoted interrogatory."

3. **Plaintiff's Oral Motion to Compel Better Responses to Request for Admissions, ECF No. [81]**

Plaintiff's Oral Motion to Compel Better Responses to Request for Admissions, **ECF No. [81]**, is **GRANTED**. Defendants' Objections to Plaintiff's Requests for Admissions are **OVERRULED** to the extent they qualify denials with respect to vagueness and ambiguity. To the extent Defendants denied any requests, Defendants **SHALL** provide revised responses to Plaintiff's Request for Admissions without any qualifiers on the basis of vagueness and ambiguity.

4. **Plaintiff's Oral Motion for Sanctions Under Federal Rule of Civil Procedure 37(a)(5), ECF No. [82]**:

Plaintiff requested attorney's fees associated with the discovery dispute under Federal Rule

of Civil Procedure 37(a)(5).  Rule 37 provides that if a party moves to compel discovery and the motion is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See* Fed. R. Civ. P. 37(a)(5)(A).  The language of Rule 37(a)(5)(A) is mandatory, not permissive, so the Court is required to grant the movant its reasonable expenses unless one of three exceptions applies. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).  More specifically, "the court must not order this payment if" the "movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" the "opposing party's nondisclosure, response, or objection was substantially justified;" or "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

Here, the Court finds that an award of fees as a sanction under Rule 37 is not warranted because it was unclear from the record evidence whether Plaintiff requested court intervention "before attempting in good faith to obtain the disclosure or discovery without court action." *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).  Plaintiff argued that Defendant stonewalled her attempts to engage counsel in conferral discussions regarding discovery, presenting a two sentence email referencing a phone call to support her argument.  Defendant disputed these facts, arguing that he was not made aware of the specific discovery issues until the discovery hearing.  The Court found the evidence Plaintiff presented to be insufficient to support her request for attorney's fees in light of Defendants' denial of such conferral efforts.  Accordingly,  Plaintiff's Oral Motion for Sanctions Under Federal Rule of Civil Procedure 37(a)(5), **ECF No. [82]**, is **DENIED**.  Even though the Court denied this request for attorney's fees, the Court warns Defendants that it will not hesitate to enter an award of attorney's fees against both Defendants and defense counsel should they again

cherry-pick which discovery requests and components of requests to respond to, haul Plaintiff into court to resolve such issues, and waste judicial resources.

Defendants **SHALL** provide all supplemental discovery responses, including any supplemental document production, **no later than March 22, 2026**.

**DONE and ORDERED** in Chambers in Miami, Florida on March 16, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record